UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT W. BARNES,

        Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Scott W. Barnes's letter to the Court indicating that, contrary to the Motion for Continuance [297] filed by his attorney, Defendant Barnes wishes to proceed immediately to trial. The Court held a hearing on the matter on July 17, 2012. At that hearing, counsel explained that he sought the continuance in order to prepare appropriately for trial, in view of the fact that multiple recordings from a Title III wiretap, as well as other materials are involved in this seven-defendant case.[1] In addition, Defendant Barnes has a pending Motion to Suppress [D.E. 247] pending, the results of which could affect the manner in which the case proceeds, and several of his co-defendants also have multiple motions pending, which are being heard this week by the Honorable Lurana S. Snow. In view of the posture of the case and the volume of discovery, counsel stated, he could not have been appropriately prepared to proceed to trial at the July 16, 2012, setting, and he requires the additional time sought in the Motion for Continuance.

The Government has filed a Speedy Trial Report noting that the Speedy Trial clock is now

---

[1]Originally, the case included nine defendants. Two have since entered guilty pleas.

stopped while Defendant and his co-defendants' motions are resolved but that approximately twenty-five non-excludable days have elapsed on the Speedy Trial clock.  Defendant Barnes has not challenged the Government's Speedy Trial Report calculations.  Thus, once the pending motions are resolved, approximately forty-five days on the Speedy Trial clock will remain.

Nevertheless, upon consideration of the volume of the evidence, the complexity of the matter, the number of co-defendants involved in the case, and the numerous pending motions from the various co-defendants, the Court finds that in order to allow counsel sufficient time to prepare for trial in this matter, the interests of justice served by the continuance previously entered by the Court, resetting trial in this matter for October 9, 2012, outweigh any interest of the public or Defendant Barnes in a speedy trial, and, therefore, the period of delay resulting from Defendant Barnes's Motion for Continuance [D.E. 297] through and including the date trial commences — is excludable time under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7).

**DONE AND ORDERED** this 13th day of July 2012.

*(signature)*
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record