UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60011-CR-ROSENBAUM/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT BARNES, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on Defendant Scott Barnes's Renewed Motion for Judgment of Acquittal [D.E. 536]. The Court has reviewed Defendant's Motion, the Government's Response, and the record. After careful consideration, the Court now **DENIES** Defendant Barnes's Motion for the reasons set forth below.

Defendant Barnes challenges the sufficiency of the evidence and suggests that he was not a participant in a "single unified conspiracy with the other co-defendants." D.E. 536 at ¶ 3. The Court considers the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Calderon*, 127 F.3d 1314, 1324 (11th Cir. 1997). In this case, Defendant was convicted of the wiretap intercepts demonstrated that Defendant Barnes was directly involved with Co-defendants Barbary and Holt. A jury could have reasonably concluded that during the intercepted discussions, where the Defendants used coded language, Defendant Barnes discussed the potential acquisition of cocaine and oyxcodone to further the goals of the conspiracy charged and participated in the single unified conspiracy charged with

the Co-defendants. In addition, the evidence adduced at trial was sufficient for a jury to have found that Barnes conspired to distribute at least 500 grams of cocaine. Thus, upon reviewing the evidence, the Court cannot conclude that "no trier of fact could have found guilt beyond a reasonable doubt." *Id.* at 1324 (internal quotation omitted).

The Court further notes that it specifically instructed the jury regarding multiple conspiracies and the need to acquit Defendants if the jury did not find that a single, overall conspiracy as charged in the Indictment existed between any particular Defendant and another conspirator. "The jury is presumed to follow the court's instructions." *United States v. Holland*, ___ F. App'x ___, ___, 2013 WL 69223, *6 (11th Cir. Jan. 8, 2013) (citing *United States v. Brown*, 983 F.2d 201, 202 (11th Cir. 1993)). For these reasons, Barnes's Motion must be denied.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of January 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:      The Honorable Lurana S. Snow
             Counsel of Record